**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARYE E. WILSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:06-CV-0586-M** |
| | § | |
| **HENRY M. PAULSON, JR.,**[1] | § | **ECF** |
| **Secretary of the United States** | § | |
| **Department of the Treasury,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. On January 29, 2007, Defendant Henry M. Paulson, Jr., Secretary of the United States Department of the Treasury ("Defendant") filed a Motion for Summary Judgment, Brief/Memorandum in Support, and Appendix in Support ("App."). The Court's scheduling order provided that any response to a summary judgment motion should be filed no later than February 20, 2007. Plaintiff Marye E. Wilson ("Plaintiff") did not file a response, and the time for filing a response expired. For the reasons that follow, this Court recommends that the District Court grant Defendant's Motion for Summary Judgment.

**I.**

Plaintiff claims that her former employer, the Internal Revenue Service ("IRS")

---

[1] Henry M. Paulson, Jr., Secretary of the United States Department of the Treasury, is the proper defendant in this case. This is a Title VII case and Plaintiff should have sued her former employer. Plaintiff was a probationary employee in the Internal Revenue Service's Wage & Investment Service Center in Dallas. Plaintiff originally named Betsy Kinter, the Department Head, as Defendant. The Court then ordered that summons be issued for John W. Snow, Secretary of the United States Treasury. Henry M. Paulson, Jr. succeeded John W. Snow and, properly, was substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

discriminated against her because of her race, African American. She alleges that, effective July 23, 2004, the IRS terminated her from the position of Customer Service Representative ("CSR"). Title VII makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1). Plaintiff filed an Equal Employment Opportunity ("EEOC") charge. After an investigation, the EEOC found that the preponderance of evidence of record does not establish that discrimination occurred. (EEOC Decision.)

On March 31, 2006, Plaintiff timely filed this case in federal district court. Defendant now moves for summary judgment on Plaintiff's race discrimination claim. Defendant contends that Plaintiff failed to produce any evidence to support her claim of race discrimination. Additionally, Defendant claims that Plaintiff's unsatisfactory job performance during her one-year probationary period was the legitimate, nondiscriminatory reason for Plaintiff's termination and that she cannot establish that this reason was a pretext for race discrimination.

## II.

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude a court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with

evidence negating the non-movant's case.  Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case.  *Little,* 37 F.3d at 1075.  Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).  "Rule 56(e) [] requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324.  *See* FED. R. CIV. P. 56(e).  To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant.  *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248.  Further, the party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III**.

The facts, as established by Defendant's uncontroverted evidence, are as follows:  The IRS's Wage & Investment Service Center in Dallas, Texas hired Plaintiff as a CSR on October 6, 2003. (App. at 1, 7.)  The terms of employment provided that Plaintiff was a conditional employee until she completed satisfactorily a one-year probationary period.  (*Id*. at 7, 9, 14-15.)  The primary job responsibility of a CSR was to respond to telephone requests from taxpayers who were seeking information from the IRS.  (*Id*. at 1.)  To prepare a CSR for these telephone calls, the IRS provided three to four months of classroom training and two weeks of on-the-job instruction ("OJI").  (*Id*.) During the OJI period, managers and certain coworkers called "coaches" and "lead CSRs"

3

monitored the CSR's telephone calls to determine if the CSR was properly answering the taxpayers' questions. (*Id*.) When a CSR satisfactorily answered calls on a certain topic, the IRS "certified" her on that topic. (*Id*.) Then, the IRS provided training on additional topics. (*Id*.)

Paulette Rector ("Ms. Rector"), an African American, is a Supervisory CSR. (App. at 1.) She was Plaintiff's first-line manager from February 2004, after Plaintiff successfully completed her training class, until July 23, 2004, when the IRS terminated Plaintiff's employment. (*Id*.) Ms. Rector rated Plaintiff's job performance as "lacking in several areas." (*Id*. at 2.) Ms. Rector noted that Plaintiff inappropriately transferred calls, had difficulty controlling her conversations, and struggled to understand the taxpayers' requests. (*Id*.) Ms. Rector assigned several lead CSRs to help Plaintiff and review her work. (*Id*. at 3-5.) Plaintiff had difficulty getting along with various CSRs that were assigned to help her, and she continued to make mistakes. (*Id*.) The IRS documented Plaintiff's errors and provided oral and written feedback about her mistakes, with suggestions for improvement. (*Id*. at 4.) Plaintiff was resistant to suggestions and to criticisms of her work. (*Id*.)

Plaintiff's second-line manager Ray J. Pickard ("Ms. Pickard"), was also an African American. (*Id*. at 7.) The certification process required a CSR to complete three calls without a mistake. (*Id*. at 8.) Ms. Pickard stated that Plaintiff could not complete one telephone call with a taxpayer without making an error. (*Id*. at 7.) Therefore, Plaintiff could not be certified on any topic on which she had been trained. (*Id*.) Ms. Pickard explained that IRS policy requires that when a CSR is not able to meet the criteria for certification, the IRS terminates her employment before the end of the one-year probationary period. (*Id*. at 9.)

Ms. Rector gave Plaintiff a performance review on May 27, 2004. (*Id*. at 19-20.) Ms. Rector

advised Plaintiff that she was not performing at an acceptable level and that her accuracy must improve within 30 days.  (*Id*.)  Ms. Rector assigned lead CSR John Hegi ("Mr. Hegi") to work closely with Plaintiff to help her improve her work product, however, Plaintiff's performance did not improve.  (*Id*. at 5.)  For this reason, the IRS terminated Plaintiff's employment before the end of her one-year probationary period, effective July 23, 2004.  (*Id*. at 1, 5, 21-22.)  Plaintiff's termination letter cited the reason for this action as her "performance deficiencies" in two of the five critical job elements for the CSR position – Element II, "Customer Satisfaction, Knowledge," and Element IV, "Business Results, Quality."  (*Id*. at 21.)

## IV.

Plaintiff failed to respond to Defendant's Motion for Summary Judgment; therefore, she has not designated specific facts showing that there is a genuine issue for trial.  Plaintiff is therefore relegated to her unsworn pleadings, which have no evidentiary value.[2]  *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 165 (5th Cir. 1991)).  The District Court may not enter a "default" summary judgment based upon Plaintiff's failure to respond; however, the Court may accept Defendant's evidence as undisputed. *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence

---

[2]  Plaintiff makes the following unsworn allegations in her complaint: She did not repeatedly give out incorrect information to taxpayers and treated all of her callers with dignity and respect.  She researched the website and asked her lead and co-workers for information whenever she was uncertain of something.  She is willing to swear under oath that she used every source available to her and that she performed the duties of her job to the "utmost of her ability."  (Compl.)

5

supports her claim).  Accordingly, this Court accepts Defendant's evidence as undisputed.  *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.17 (5th Cir. 1992) (same).

Plaintiff is proceeding *pro se* and *in forma pauperis*.  Nevertheless, Plaintiff's *pro se* status does not *ipso facto* satisfy her obligation to set forth specific facts supporting her claims.  *Bookman,* 945 F. Supp. at 1005.  "There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Bookman,* 945 F.Supp. at 1005.  Plaintiff carries the burden of proof at trial, and as the summary judgment non-movant, she must show that genuine issues of material fact preclude summary judgment.  (*Id.*)  She must "identify specific evidence in the record, and [ ] articulate the 'precise manner' in which that evidence support[s][her] claim."  *Bookman,* 945 F.Supp. at 1004 (quoting *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)).  In the absence of proof, a court will not conclude that the nonmoving party could prove the required facts.  *Lynch Props., Inc. v. Potomac Ins*., 140 F.3d 622, 625 (5th Cir. 1998).

## V.

Generally, race discrimination claims are governed by the familiar burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[3]  *See Casarez v.*

---

[3]  The *McDonnell Douglas* framework does not always apply.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).  For example, if a plaintiff is able to produce direct evidence of discrimination, she may prevail without proving all the elements of a prima facie case.  *Id.*; *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination.").  Because Plaintiff's case does not rest on direct evidence of discrimination, the *McDonnell Douglas* framework applies.

*Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 337 (5th Cir. 1999).  First, a plaintiff must establish a *prima facie* case of race discrimination by showing that (1) plaintiff was in a protected class; (2) plaintiff was qualified for the position; (3) plaintiff was discharged; and (4) plaintiff was replaced by a person who is not a member of that protected class.  *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2005).  As an alternative to the fourth requirement, the plaintiff may show that other similarly-situated employees were treated more favorably.  *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802.  If the defendant meets this burden, to prevail the plaintiff must prove by a preponderance of the evidence that the defendant's stated reasons were merely a pretext for discrimination.  *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *McDaniel v. Temple Indep. Sch. Dist.*, 770 F.2d 1340, 1346 (5th Cir. 1985).

Plaintiff was in a protected class, and she was discharged.  Plaintiff has not pointed to any evidence that she qualified for the position of CSR before the end of the probationary period, nor has she pointed out any evidence that the IRS replaced her with a person who is not an African American or that similarly-situated employees were treated more favorably.  *See Christian v. City of Dallas*, 64 F. Supp. 2d 617, 626 (N.D. Tex. 1999) (granting summary judgment on plaintiff's wrongful termination claim where plaintiff "failed to offer any evidence of being replaced by a person outside of his protected class").   Accordingly, the lacunae in Plaintiff's *prima facie* case entitle Defendant to summary judgment.

Even if Plaintiff were to produce evidence demonstrating a *prima facie* case of race

discrimination, summary judgment would be proper on Plaintiff's claim because the IRS has demonstrated a legitimate, non-discriminatory reason for discharging her and she has not raised a genuine issue of material fact concerning a pretext.  Plaintiff failed to meet the criteria for certification as a CSR during her probation period, as required by IRS regulations.  Section 6.300.1.15 of the Internal Revenue Manual states that the one-year probationary period provides management "with the opportunity to measure the abilities and fitness  of the employee for continued employment" with the IRS.  (App. at 14.)  The Manual also notes that "[f]ailure on the part of the employee to demonstrate acceptable performance or conduct will be cause for separation from the Service as soon into the probationary or trial period as a determination is made . . . ." (*Id.*)

Plaintiff was hired by the IRS on October 6, 2003, and her one-year probationary period had not expired when the IRS terminated her on July 23, 2004.  Plaintiff was terminated from her position as a CSR because of numerous deficiencies in her performance.  (App. at 2.) Managers and coworkers who monitored Plaintiff's telephone calls with taxpayers frequently noted her errors, even with extremely simple requests.  (*Id.*)  Plaintiff failed to demonstrate basic competence in two of the five critical job elements for the CSR position – Element II, "Customer Satisfaction, Knowledge," and Element IV, "Business Results, Quality." (*Id.* at 21.)  Specifically, Plaintiff's deficiencies included failing to provide correct information to taxpayers regarding the application of payments, failing to complete the proper disclosure check before providing information to a taxpayer, failing to provide assistance to a taxpayer in completing a Form 1040X, and failing to verify levy and telephone sources on balances due in excess of $1,500.  (*Id.*)  Despite Plaintiff's consistently-poor job performance, her supervisors attempted to  work with Plaintiff to improve her work.  For example, on May 27, 2004,  Ms. Rector gave Plaintiff a performance review letter explaining that

she was not performing at an acceptable level and that her accuracy must improve within 30 days to avoid termination.  (*Id.* at 19-20.)  Plaintiff also was counseled by her managers on seven occasions between May 27, 2004, and June 30, 2004, about her need to improve her performance. (*Id.* at 21.)  Finally, when Plaintiff's job performance failed to improve, the IRS terminated Plaintiff. (*Id.* at 1, 5, 7, 9.)

Defendant has demonstrated that the IRS had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment in July 2004.  The evidence shows that Plaintiff's poor performance was the basis for her removal.  The record contains no evidence of unlawful race discrimination.  Plaintiff's subjective belief that the IRS discriminated against her, however genuine, cannot be the basis for judicial relief.  *Little v. Republic Refining Co.*, 925 F.2d 93, 96 (5th Cir. 1991); *Elliott v. Group Medical & Surgical Servs.*, 714 F.2d 556, 567 (5th Cir. 1983).  Accordingly, Defendant's motion for summary judgment should be granted.

## RECOMMENDATION

The Court recommends that the District Court grant Defendant's Motion for Summary Judgment on Plaintiff's Title VII claim and that the District Court enter judgment for Defendant, with each party to bear its own costs.

Signed March 8, 2007.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).